UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL KANE CRAWFORD,

    Plaintiff,

v.   Case No. 4:18-cv-451-MW/MJF

MERIDIAN,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

Plaintiff Daniel Kane Crawford proceeds pro se in this action brought under 42 U.S.C. § 1983.[1] In an order issued by the undersigned on October 5, 2018, Plaintiff was given thirty days in which to amend his complaint, and submit a completed motion to proceed *in forma pauperis* on the court-approved form or pay the filing fee. (ECF No. 5). Plaintiff's complaint was defective insofar as it: (1) violated Rule 5.7(A) of the Local Rules of the U.S. District Court for the Northern District of Florida, which requires certain plaintiffs so utilize approved forms when filing a complaint; and (2) failed to comply with the Federal Rules of Civil Procedure insofar as it did not state a claim upon which relief might be granted. (ECF No. 1).

---

[1] The case was referred to the undersigned to address all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff failed to amend his complaint by the court-imposed deadline. He also failed to file a completed motion to proceed *in forma pauperis* or pay the filing fee. On November 16, 2018, therefore, the undersigned issued an order requiring the Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to comply with an order of this court. (ECF No. 6). That order specifically warned the Plaintiff that failure to comply with the order would result in a recommendation that his action be dismissed. (ECF No. 6 at ¶ 2). The time for compliance with that order has now elapsed, and Plaintiff has failed to file an amended complaint and failed to pay the filing fee or properly complete a motion to proceed *in forma pauperis*.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action). A court also may dismiss an action for failure to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320, 1321 (11th Cir. 2002); *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). Rule 83 of the Federal Rules of Civil Procedure authorizes federal courts to promulgate local rules that require litigants to use court-approved forms. *See* Fed. R. Civ. P. 83(a). Such local rules have the force of law. *See Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010); *Weil v.*

*Neary*, 278 U.S. 160, 169, 49 S. Ct. 144, 148 (1929) ("a rule of court thus authorized and made has the force of law"); *Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 288 (11th Cir. 2009) (stating that a "valid local rule has the force of law."). Therefore, courts also may dismiss an action for a plaintiff's failure to comply with a local rule that requires complaints to utilize court-approved forms. *Luevano v. Clinton*, 645 F. App'x 623, 624 (10th Cir. 2016); *Durham v. Lappin*, 346 F. App'x 330, 333 (10th Cir. 2009).

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that this case be **DISMISSED**, *without prejudice*, for Plaintiff's failure: (1) to pay the filing fee or properly complete a motion to proceed *in forma pauperis*; (2) to abide by Local Rule 5.7(A); and (3) to comply with an order of this court.

**SO ORDERED** this 28th day of December 2018.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.